IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL ALVARADO, <br> TDCJ #1506943, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-11-1915 |

## MEMORANDUM AND ORDER

The petitioner, Daniel Alvarado (TDCJ #1506943, former TDCJ #1059946, #944891, #762265), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Alvarado files this writ of habeas corpus challenging a state court conviction under 28 U.S.C. § 2254. After reviewing the pleadings, Alvarado's litigation history, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.      BACKGROUND

Alvarado reports that he is currently in custody as the result of a conviction for assault that caused serious bodily injury to a family member. Alvarado pleaded guilty in that case and, as a result, he received a sentence of community supervision (*i.e.*, probation). On May 29, 2008, the 228th District Court of Harris County, Texas, granted

the State's motion to revoke Alvarado's probation and imposed a 3-year term of imprisonment. Alvarado did not appeal. He remains in custody at the Garza East Unit in Beeville, Texas.

In a petition dated May 10, 2011, Alvarado seeks a federal writ of habeas corpus challenging his state court assault conviction. Alvarado contends that he is entitled to habeas corpus relief under 28 U.S.C. § 2254 for the following reasons: (1) his conviction was not supported by sufficient evidence because the State did not present testimony from the victim or a physician; (2) he was forced to plead guilty because he was "unemployed and could not make bail"; (3) he was denied effective assistance of counsel because his attorney did not advise him of his right to appeal; and (4) the State failed to carry its burden of proof and lacked sufficient evidence for a conviction. (Docket No. 1, Petition at ¶ 20). The petition must be dismissed for the following reasons.

## II.   DISCUSSION

Alvarado's conviction became final upon the completion when his time to appeal expired in 2008. Therefore, his pending petition appears barred by the governing statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

More importantly, this is not the first habeas corpus proceeding that Alvarado has filed challenging the validity of his assault conviction. Court records confirm that Alvarado has challenged the same conviction previously in this district. In *Alvarado v. Quarterman*, Civil No. H-09-0410 (S.D. Tex.), the district court considered the validity of the conviction and probation revocation, including claims similar to those raised in

Alvarado's pending petition. The district court granted the respondent's motion for summary judgment and denied relief on all of Alvarado's claims. Alvarado did not pursue an appeal from that decision. Because Alvarado's prior habeas proceeding was dismissed with prejudice, an exercise of jurisdiction is precluded by the statutes governing federal habeas corpus review.

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ application, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

Court records from Alvarado's prior habeas proceeding show that he has raised many of the same claims of ineffective-assistance, insufficiency of the evidence, and involuntariness regarding his guilty plea. Therefore, in this Court's view, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization and there is no record of any request being made. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ application.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This

is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2. This habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

3. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas this 27th day of May, 2011.

_____
Kenneth M. Hoyt
United States District Judge

5